**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:25-cv-00964-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM ORDER**

Before the Court is Defendant Supercell Oy's Motion to Stay Proceedings. **Dkt. No. 21**. In its Motion, Defendant contends that since Plaintiff's infringement contentions are rooted "entirely on [its] use of Google's Firebase Cloud Messaging ("FCM") technology," the suit should be stayed pending the resolution of a parallel suit against Google, under the customer suit exception. *Id.* at 1. Having considered the Motion, and for the reasons discussed below, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

In its First Amended Complaint, Plaintiff alleges that Defendant infringes U.S. Patent Nos. 9,198,117 ("'117 patent), 9,615,192 ("'192 Patent"), and 10,321,320 ("'320 Patent") (the "asserted patents"), through the push notification system contained in its mobile applications. Dkt. No. 6 at 1. The asserted patents are directed to wireless messaging systems.

Parallel to this action are two suits against Google, where Plaintiff asserts the same patents. *See Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-00231-DC-DTG (W.D. Tex.) ('192 and '320 Patents); *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-00367-DC-DTG (W.D. Tex.) ('117 Patent). Both suits are exclusively directed at Google's FCM technology. Since the Parties' filings, both cases have since been transferred to the Northern District of California and remain pending there.

## II. LEGAL STANDARD

The first-to-file rule dictates that the first filed suit over substantially overlapping subject matter should take priority, absent special circumstances. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). The customer-suit exception ("CSE") is a carve-out to that rule. *Tegic Commc'ns Corp. v. Bd of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). It allows a subsequently filed manufacturer's declaratory judgment action to proceed first when: (1) the customer is a mere reseller, (2) the customer agrees to be bound, and (3) the manufacturer is the only source of the accused instrumentality. *Id.* Courts also consider the traditional stay factors: (1) whether a stay will unduly prejudice the nonmovant, (2) whether a stay will simplify the issues for trial, and (3) the stage of the case. *See CyWee Grp. Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-CV-00495, 2018 WL 4002776, at *3 (E.D. Tex. Aug. 22, 2018) (Bryson, J.).

## III. ANALYSIS

The Google Case was filed first by Headwater, not Google, and does not seek declaratory judgment—the reverse of the typical scenario.[1] While Defendant has agreed to be bound by the outcome in the Google case, the Parties dispute whether Google is the only source of the accused product or whether Plaintiff's infringement contentions are rooted in "Defendant's applications and servers…in combination with FCM." *See* Dkt. No. 21 at 8; Dkt. No. 33 at 3. Furthermore, the indemnification flows upwards in this case – from Supercell to Google – an atypical arrangement.[2]

[1] Although later cases cast doubt on whether the customer suit must be later filed and whether the manufacturer suit must be a declaratory judgment action brought by the manufacturer, *CyWee Grp. Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-CV-00495, 2018 WL 4002776, at *4 (E.D. Tex. Aug. 22, 2018) (Bryson, J.) ("[T]he action *against* the manufacturer should ordinarily proceed first, *regardless of which action was first filed*." (emphasis added)), when the Federal Circuit first confronted the customer-suit exception, it was limited to a scenario "where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory judgment action brought by the manufacturer of the accused goods," *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (discussing *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969).

[2] The CSE "is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement and to guard against the possibility of abuse"—this necessarily implicates consideration of which way indemnification flows. *See Spread Spectrum Screening LLC v. Eastman Kodak*, 657 F.3d 1349, 1357 (Fed.

In light of these facts, the Court cannot find the first and third elements that support a customer suit exception stay are met. Defendant's agreement to be bound only to "overlapping issues" of the cases, the stage of each proceeding, and the substantial prejudice to Plaintiff from this delay, all cut against any efficiency gains that support a stay. Therefore, the Court finds that a stay is not warranted.

## IV. CONCLUSION

Having considered the Motion, and for the reasons discussed above, the Court **DENIES** Defendant's Motion.

**SIGNED this 23rd day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

Cir. 2011) (citations omitted); *Kahn*, 889 F.2d at 1081 (citation omitted); *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit . . . . [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." (citation omitted)).